# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| ANDREUS O'BRYANT, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:16-cv-1804-AGF |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## <u>MEMORANDUM AND ORDER</u>

This matter is before the Court of Petitioner Andreus O'Bryant's motion filed under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. On August 29, 2013, Petitioner entered a plea of guilty to one count of conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C §§ 841(b)(1)(B) and 846. The Court accepted Petitioner's plea, and on February 11, 2014, after a two-day sentencing hearing, the Court sentenced Petitioner to a total of 330 months in prison and a four-year term of supervised release. In arriving at this sentence, the Court, pursuant to United States Sentencing Guidelines ("Guidelines") § 2D1.1(d)(1), applied a cross-reference to § 2A1.1, the Guidelines section applicable to first-degree murder.

In his pro se motion to vacate and set aside his conviction and sentence, Petitioner claims that the Court's application of the first-degree murder cross-reference violated his Sixth Amendment right to a jury trial as interpreted in *Apprendi v. New Jersey*, 530 U.S.

466 (2000)[1] and its progeny, particularly *Alleyne v. United States*, 570 U.S. 99 (2013). As the record before the court conclusively demonstrates that Petitioner is not entitled to relief, the Court will deny Petitioner's motion without a hearing.

## BACKGROUND

### Criminal Proceedings

As part of the guilty plea agreement signed by both parties, Petitioner stipulated to the following facts. On April 21, 2011, victim Jamie Benson and two other individuals traveled to St. Louis, Missouri from Houston, Texas for the purpose of selling approximately a half kilogram of cocaine in a deal arranged by Petitioner. At some point after their arrival that day, Benson and his travel companions, as well as Petitioner, co-defendants Lodgy Jackson and Scott Compton, and an individual named Desmond Stringfellow, drove to a rural, wooded area outside of St. Louis, where the sale was to take place. A sudden downpour interrupted the transaction.

At some point following the failed transaction, some members of the group drove around the St. Louis metropolitan area in Petitioner's car into the early morning hours of April 22, 2011. Later that morning, Benson's body was discovered in an alley in the City of St. Louis. Benson had been shot. Petitioner was not present at the location where Benson was shot but was inside a nearby residence at the time. Petitioner's co-defendant, Jackson, admitted to shooting and killing Benson.

---

[1] *Apprendi* held, in relevant part, that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490.

On August 25, 2011, Petitioner was indicted on five counts: 1) one count of conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(b)(1)(B) and 846; (2) one count of conspiracy to possess a firearm in furtherance of a drug-trafficking crime, in violation of 18 U.S.C. § 924(o); and (3) three counts of intimidation, threatening, and corruptly persuading individuals to make false statements to investigators and the federal grand jury, all in violation of 18 U.S.C. § 1512(b)(1). Petitioner evaded police detection until July 2012, when he was arrested in Houston, Texas. Petitioner initially pled not guilty.

As noted above, Petitioner later changed his plea and pled guilty to count one pursuant to a written plea agreement executed on August 29, 2013. As part of the plea agreement, the government agreed to dismiss the remaining charges. The parties also agreed that Petitioner was accountable for 510 grams of cocaine, but they did not agree on an estimated total offense level under the Guidelines. Instead both parties agreed to reserve their rights to make final recommendations for offense level until each party could review the Presentence Investigation Report ("PSR"). *United States v. O'Bryant*, No. 4:11-cr-00351-AGF-1, ECF No. 202 at ¶ 6(c) (E.D. Mo.). Notably, the parties disputed the potential use of the first-degree murder cross-reference for sentencing, and therefore, both reserved the right to litigate the application of the cross-reference under §§ 2D1.1(d) and 2A1.1, and to present evidence of this issue at the sentencing hearing. *Id.*, ECF No. 202 at ¶ 6(a)(2). Additionally, both parties reserved the right to appeal all sentencing issues. *Id.* at ¶ 7(a)(2).

At the change-of-plea hearing held on the day the plea agreement was executed, Petitioner represented to the Court that he had read, discussed with his attorney, and understood the terms of the plea agreement, and that he was guilty of the crime to which he was pleading guilty. He further confirmed that he was satisfied with the representation he received from his attorney, and that there was nothing he wanted his attorney to do for him that the attorney had not done in representing Petitioner. *Id.*, ECF No. 299 at 8–9.

The Court also explained to Petitioner that the plea agreement included a waiver of his rights to contest the sentence in any form of post-conviction proceeding, except for claim of prosecutorial misconduct or ineffective assistance of counsel, and Petitioner related to the Court that he understood that waiver. *Id.* at 16.

The Court further explained to Petitioner that the Court did not have to impose the parties' recommended sentence. Petitioner confirmed that he understood that: "the parties are anticipating the presentation of evidence at the time of sentencing for [the Court's] consideration in determine whether [the § 2A1.1] cross reference should apply"; the plea agreement waived the right for the jury to "mak[e] factual determinations related to [the cross reference]"; "the decision about whether [§] 2A1.1 is applied will instead be made by [the Court]"; "[Petitioner is] not going to be able to decide later, after sentencing that . . . , [Petitioner] want[s] a jury to make those decisions"; and that "[Petitioner is] still going to be stuck with [Petitioner's] plea and [Petitioner is] not going to be able to withdraw [the] plea just because [the Court] didn't go along with any Guidelines recommendations . . . or didn't agree with [Petitioner] on whether Section 2A1.1

applies." *Id.* at 21–23. Counsel for Petitioner confirmed that he had reviewed the case law with Petitioner, including the *Apprendi* decision, about whether a jury and not a judge should hear the issues regarding the cross-reference in applying the Guidelines. The Court thereafter advised Petitioner that even if a new case came down suggesting a jury should be the one to make the decision regarding application of Section 2A1.1, Petitioner still would not be able to withdraw his guilty plea. Petitioner acknowledged that he understood and agreed that he was "giving up the right to have the jury make that decision by entering into this guilty plea." *Id.* at 23-24. The Court also informed the Petitioner that the Court may deem him a career criminal offender or an armed career criminal, that a determination of either could lead to an increased sentence, and that, by entering the guilty plea, the Petitioner would not be entitled to withdraw the plea if the Court made such a determination. *Id.* at 25–28.

The Court then ascertained the factual basis for the guilty plea and found that the plea was knowing, intelligent, and voluntary. *Id.* at 35–41.

The initial PSR prepared by the United States Probation Office for the Eastern District of Missouri was filed on December 19, 2013. The PSR recommended application of the first-degree murder cross-reference set forth in § 2A1.1(a) and, accordingly, a base offense level of 43. The PSR also recommended an enhancement for obstruction of justice under § 3C1.1, adding two points to the base offense level. Finally, the PSR recommended a three-point reduction to the base offense level because of Petitioner's acceptance of responsibility, stipulated to in the plea agreement. The PSR

thus recommended a total offense level of 42 and a criminal history score of I. *Id.*, ECF No. 251, at 8–10.

Petitioner, through appointed counsel, asserted multiple objections to the PSR, including objecting to the application of the first-degree murder cross-reference. Particularly, Petitioner asserted that he was not involved in Benson's murder and did not obstruct justice in the way that the PSR claimed. *Id.*, ECF No. 258. The final PSR added a paragraph to reflect Petitioner's objections to his involvement in Benson's murder and the alleged witness intimidation leading to obstruction of justice, but still recommended application of the cross-reference, the applicability of which the Court would have to decide based on the evidence presented at sentencing. *Id.*, ECF No. 264, at 7.

Petitioner's sentencing hearing began on February 10, 2014 and continued into February 11, 2014. At sentencing, the Government presented evidence, including the testimony of Compton and Stringfellow, that Petitioner, though not physically present for Benson's murder, was the mastermind of a plot by which Petitioner arranged a fake drug deal with Benson in St. Louis so that Petitioner and his co-conspirators could kill Benson and rob him of the cocaine.

At the close of evidence, the Court addressed the PSR and Petitioner's objections to the Guidelines calculations. The Court overruled Petitioner's objections that the application of the cross-reference violated his Fifth Amendment right to due process and Sixth Amendment right to a trial by jury, and the Court determined that from both a factual and legal standpoint, the application of the cross-reference was appropriate.

After making the above findings, the Court applied the cross-reference to determine that Petitioner's base offense level was 43, with a 3-level decrease for acceptance of responsibility, for a total offense level of 40. The Court also found that Petitioner's criminal history category was I, resulting in a sentencing Guidelines range of 292 to 365 months' imprisonment. *Id.* at 64. After considering the sentencing factors set forth in 18 U.S.C. § 3553(a), the Court imposed a sentence of 330 months' imprisonment. *Id.* at 107.

Petitioner, through counsel, appealed his conviction to the Eighth Circuit. On appeal, he argued that this Court's application of the Guidelines § 2A1.1 first-degree murder cross-reference violated his Fifth and Sixth Amendment rights.[2] In support of this argument, Petitioner argued that his sentence was "for a murder he was never charged with, a murder he denies being involved in, and a murder that was never proven, to a jury, beyond a reasonable doubt." *United States v. Jackson*, 782 F.3d 1006, 1013 (8th Cir. 2015). Petitioner's arguments relied heavily on *Alleyne*, which held that any fact that increases the mandatory minimum sentence to which a defendant is exposed is an "element" of the crime and must be submitted to a jury and found beyond a reasonable doubt. *Alleyne*, 570 U.S. at 108. Petitioner argued that *Alleyne* cast doubt on Eighth circuit precedent that held that a defendant's constitutional rights were not violated by application of the first-degree murder cross-reference under the Guidelines, and that the

_____

[2] Petitioner also argued that the evidence did not support the application of a murder cross reference; that at most, the evidence supported the application of a second-degree murder cross reference; and that his sentence was substantively unreasonable because it was based on unreliable witnesses and clearly erroneous findings of fact. The Eighth Circuit rejected each of these arguments, and none is at issue in the current motion.

reasoning of *Alleyne* should be extended to prevent the application of the cross-reference in this case.

On April 10, 2015, the Eighth Circuit affirmed Petitioner's sentence. In particular, as relevant here, the Eighth Circuit held that "*Alleyne* [did] not prevent the application of the § 2A1.1 cross-reference in this case." *Jackson*, 782 F.3d at 1013. The Eighth Circuit reasoned that Petitioner's argument was foreclosed by its previous decision in *United States v. Davis*, 453 F.3d 1361 (8th Cir. 2014). The Eighth Circuit explained that:

> Application of the § 2A1.1 cross-reference neither increases the penalty beyond the statutory maximum, *see Apprendi v. New Jersey,* 530 U.S. 466, 490, 120 S. Ct. 2348, 147 L.Ed.2d 435 (2000), nor increases the mandatory minimum, *see Alleyne,* 133 S. Ct. at 2155. Regarding whether a jury is required, application of a statutory maximum or minimum is to be distinguished from "factfinding used to guide judicial discretion in selecting punishment within limits fixed by law. While such findings of facts may lead judges to select sentences that are more severe than the ones they would have selected without those facts, the Sixth Amendment does not govern the element of sentencing." *Davis,* 753 F.3d at 1361–62 (quoting *Alleyne,* 133 S. Ct. at 2161 n. 2).

*Jackson*, 782 F.3d at 1013. Although Petitioner sought a writ of certiorari before the Supreme Court, the Supreme Court rejected that application on November 16, 2015. *Id.*, ECF No. 314, 315.

## Motion to Vacate

As noted above, in his current pro se motion, Petitioner again asserts that the Court violated his Sixth Amendment right to a trial by jury when it applied the first-degree murder cross-reference under Guidelines § 2A1.1. Petitioner continues to argue that the Sixth Amendment requires a jury, rather than the Court, to make the factual findings necessary for the application of the cross-reference. And as he did in his direct appeal

brief, Petitioner relies heavily on the Supreme Court decisions in *Apprendi* and *Alleyne* to argue that the application of the cross-reference here was unconstitutional.

## DISCUSSION

Pursuant to 28 U.S.C. § 2255, a federal prisoner may seek relief from a sentence imposed against him on the ground that "the sentence was imposed in violation of the Constitution or law of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. A petitioner's claim that his sentence was imposed in violation of the Constitution is properly raised under § 2255.

However, a collateral attack under § 2255 is not a substitute for a direct appeal. *United States v. Frady*, 456 U.S. 152, 165 (1982). Constitutional claims in a § 2255 motion that were not raised on direct appeal are procedurally defaulted unless the petitioner can show cause for the default and actual prejudice, or actual innocence. *McNeal v. United States*, 249 F.3d 747, 749 (8th Cir. 2001). By the same token, claims that were raised and rejected on direct appeal ordinarily may not be relitigated in a § 2255 motion unless the petitioner has "produced convincing new evidence of actual innocence." *United States v. Wiley*, 245 F.3d 750, 752 (8th Cir. 2001) (also indicating that the actual-innocence exception does not apply to noncapital sentences).

Petitioner's claim that the Court's application of the first-degree murder cross-reference violated his Sixth Amendment right to a jury trial is foreclosed because

the Eighth Circuit already considered and rejected that argument on direct appeal. Petitioner may not relitigate his claim here. Nor has Petitioner produced evidence of actual innocence, which generally requires a showing that the petitioner "did not commit the acts with which [he was] charged." *Embrey v. Hershberger*, 131 F.3d 739, 740 (8th Cir. 1997).

In his reply brief, Petitioner suggests that his current claim differs from the one raised on direct appeal because, here, he is arguing that the § 2A1.1 cross-reference was not used simply to guide the Court's discretion within the advisory Guidelines range but was instead essential to his punishment. Petitioner specifically argues that, without the cross-reference, the Court could not have imposed a 330-month sentence based only on the facts admitted in the plea agreement, as such a sentence would have been substantively unreasonable. *See* ECF No. 11 at 20–21. Assuming, without deciding, that this more nuanced argument could constitute a new claim, such claim has been procedurally defaulted because Petitioner failed to raise it on direct appeal.

Petitioner has not demonstrated cause or actual prejudice to excuse the default.[3] "In order to show cause, the movant must establish that 'some objective factor external to the defense' impeded his ability to present his claim on appeal. *Bolden v. United States*, 171 F. Supp. 3d 891, 899 (E.D. Mo. 2016) (quoting *McCleskey v. Zant*, 499 U.S. 467, 493 (1991)). Petitioner has not explained why he could not have presented his more nuanced argument on direct appeal. The argument is merely an extension of the claim he raised on appeal and relies on the same legal authorities, including *Alleyne* and *Apprendi*;

---

[3] Nor has Petitioner shown actual innocence, for the reasons discussed above.

Petitioner's § 2255 motion does not cite to any further developments in the law since the time of his direct appeal. Thus, Petitioner has failed to show cause for the default. Nor has Petitioner demonstrated actual prejudice.

Ineffective assistance of appellate counsel can usually satisfy both cause and prejudice, *see United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996). But Petitioner has not asserted, and the Court would not find, that appellate counsel was ineffective to the extent that counsel did not raise the somewhat expanded Sixth Amendment argument that Petitioner raises here. A petitioner faces a "heavy burden" to establish ineffective assistance and must show a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Id.* Petitioner has not made this showing.

Indeed, every federal circuit to consider Petitioner's expanded Sixth Amendment argument has rejected it. The Eighth Circuit in *United States v. Briggs*, 820 F.3d 917 (8th Cir. 2016) considered this exact "second-order" question regarding the application of the § 2A1.1 cross-reference, namely whether:

> [e]ven if the cross-reference does not violate the Sixth Amendment on its face, . . . the district court violated the Sixth Amendment here by selecting a sentence that could not lawfully be imposed based only on the facts admitted in [the petitioner's] guilty plea.

820 F.3d at 921. Although the Eighth Circuit reviewed the question only for plain error, since the petitioner in that case forfeited the argument in the district court, the Eighth Circuit held that the argument lacked support in the existing law in the Eighth Circuit and in each of the circuits to consider the issue.

The Eighth Circuit noted that the argument originated from a dissent from the denial of certiorari in *Jones v. United States*, 574 U.S. 948 (2014), in which three Justices

opined that " any fact necessary to prevent a sentence from being substantively unreasonable—thereby exposing the defendant to the longer sentence—is an element that must be either admitted by the defendant or found by the jury." *Jones,* 574 U.S. at 948 (Scalia, J., joined by Thomas and Ginsburg, JJ., dissenting from denial of certiorari).  However, the Eighth Circuit concluded that it "ha[d] not adopted that rationale, and all eight circuits to address the issue have declined to extend *Apprendi* in this way." *Briggs*, 820 F.3d at 921 (citing *United States v. Medina,* 642 Fed. Appx. 59, 62 (2d Cir. 2016) ("[O]ur precedents establish the principle that a district court may consider facts relevant to sentencing by a preponderance of the evidence so long as those facts do not increase the maximum *statutory* punishment to which a defendant is exposed"); *United States v. Jones,* 744 F.3d 1362, 1370 (D.C. Cir. 2014) ("[J]udicial fact finding does not implicate the Sixth Amendment even if it yields a sentence above that based on a plea or verdict alone."); *United States v. Norman,* 465 Fed. Appx. 110, 120–21 (3d Cir. 2012) ("[T]he only facts a jury must determine are those 'that increase the statutory maximum punishment…. [O]nce these facts are found, the judge may impose a sentence anywhere under the maximum without jury determinations and proof beyond a reasonable doubt.'"); *United States v. Hernandez,* 633 F.3d 370, 373–74 (5th Cir. 2011); *United States v. Treadwell,* 593 F.3d 990, 1017 (9th Cir. 2010); *United States v. Ashqar,* 582 F.3d 819, 824–25 (7th Cir. 2009) ("So long as the Guidelines are advisory, the maximum a judge may impose is the *statutory* maximum."); *United States v. Benkahla,* 530 F.3d 300, 312 (4th Cir. 2008) ("Sentencing judges may find facts relevant to determining a Guidelines range by a preponderance of the evidence, so long as that

Guidelines sentence is treated as advisory and falls within the statutory maximum authorized by the jury's verdict."); *United States v. Redcorn,* 528 F.3d 727, 745–46 (10th Cir. 2008)); *see also United States v. LeBeau*, 867 F.3d 960, 978 (8th Cir. 2017) (rejecting a defendant's argument that "his sentence [was] unconstitutional because the court increased his advisory sentencing range under the United States Sentencing Guidelines based on several facts that the jury did not find beyond a reasonable doubt, and holding that "[i]ncreasing a defendant's sentence based on facts found by a judge by a preponderance of the evidence violates a defendant's rights only if the sentence exceeds the statutory maximum.").  In light of this precedent, the Court cannot say there is a reasonable probability that, even if appellate counsel made the exact arguments that Petitioner raises now, the result of the proceeding would have been different.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Andreus O'Bryant's motion filed under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence is **DENIED**.

**IT IS FURTHER ORDERED** that this Court will not issue a Certificate of Appealability as Petitioner has not made a substantial showing of the denial of a federal constitutional right as required by 28 U.S.C. § 2255(c)(2).

A separate Judgment shall accompany this Memorandum and Order.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 31st day of March, 2020.